

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2003

# Sizemore v. Consolidated Rail

Precedential or Non-Precedential: Non-Precedential

Docket 02-1182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Sizemore v. Consolidated Rail" (2003). *2003 Decisions.* Paper 878.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/878

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-1182


HERMAN SIZEMORE,
                    Appellant

                v.

     CONSOLIDATED RAIL CORPORATION


        Appeal from the United States District Court
          for the Western District of Pennsylvania
                (D.C. Civil No. 00-cv-01025)
       District Court Judge:  Honorable Robert J. Cindrich


         Argued December 17, 2002
   Before:  SLOVITER, RENDELL and GREENBERG, Circuit Judges

            (Filed January 16, 2003)


                        Gregory G. Paul, Esq.   [ARGUED]
                        Peirce, Raimond & Coulter
                        707 Grant Street
                        2500 Gulf Tower
                        Pittsburgh, PA  15219
                           Counsel for Appellant

                        Thomas H. May, Esq.    [ARGUED]
                        Dickie, McCamey & Chilcote
                        Two PPG Place
                        Suite 400
                        Pittsburgh, PA  15222-5402
                           Counsel for Appellee


        OPINION OF THE COURT


RENDELL, Circuit Judge.

     Herman Sizemore appeals from a summary judgment order entered in the District
Court on January 3, 2002, dismissing his claim of disability discrimination against his
former employer Consolidated Rail Corporation.  We will affirm.
     For years, Herman Sizemore was employed by Consolidated Rail Corporation
("Conrail") as a "yardmaster," a job essentially requiring him to manage the day-to-day
operations of a train yard.  In addition to performing his regular duties, Sizemore also
frequently served as the acting "trainmaster"  a position of substantially higher
responsibility  during periods in which the actual trainmaster was on leave.  Between
1992 and 1998, Sizemore actively sought a permanent position as a Conrail trainmaster,
applying through Conrail's voluntary internal placement system for approximately fifty
vacant trainmaster positions throughout Conrail's network.  During that period, Sizemore

was interviewed for only two of those positions, and was never hired.  In 1999, Sizemore accepted a trainmaster position offered to him by Conrail's successor, Norfolk Southern, and he continues to hold that position today.

Sizemore brought suit against Conrail under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.   12101 et. seq. ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C.   701 et seq., claiming that Conrail discriminated against him because of his hearing condition.  Sizemore suffers from a hearing impairment that is essentially corrected by his continual use of visible hearing aids in both ears.  Although Sizemore's condition is not actually disabling given his use of corrective aids, Sizemore alleged that Conrail refused to hire him for vacant trainmaster positions because it regarded him as disabled under 42 U.S.C.   12102(2).  In early 2002, the District Court granted Conrail's motion for summary judgment, holding that Sizemore had failed to come forth with sufficient evidence that Conrail regarded him as disabled with regard to the major life activity of working.  This timely appeal followed.

The District Court had jurisdiction under 28 U.S.C.   1331 and 1343, and we have jurisdiction pursuant to 28 U.S.C.   1291.  Our review of the District Court's grant of summary judgment is plenary, and we examine the record using the same standard as the District Court, considering whether the plaintiff has established a genuine issue of material fact.  See, e.g., Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999).

After reviewing the record and hearing oral argument, we are convinced that Conrail was entitled to judgment as a matter of law.  In order to establish a prima facie case under the ADA, Sizemore must be able to show that he (1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action because of that disability.  Deane v. Pocono Medical Center, 142 F.3d 138, 142 (3d Cir. 1998) (en banc); see also Gaul v. Lucent Techs. Inc., 134 F.3d 576, 580 (3d Cir. 1998).  Yet Sizemore has failed to produce any evidence indicating that Conrail's employment decisions were made as a result of discrimination based on his perceived disability.  Sizemore's reliance on certain comments made about him by other Conrail employees is unconvincing; the comments in question were few and limited in nature, and were made by non-supervisory employees who had no real involvement in Conrail's employment decisions.  Further, there is no evidence in the record that the trainmaster position is any different   for hearing purposes   than the yardmaster position Sizemore actually held at Conrail.  In sum, there are simply no established facts that could possibly raise an inference of a causal link between Sizemore's hearing condition, or Conrail's perception of it, and the adverse employment decisions.  Summary judgment in favor of Conrail was therefore plainly warranted.

We do agree with Sizemore, however, that the District Court appears to have based its ruling on an incorrect reading of the Supreme Court's decision in Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999).  The District Court found that Sizemore's claim was legally insufficient because he had provided no evidence that Conrail regarded him as disabled with regard to a "broad class of jobs," as required by Sutton.  Id. at 491.  Yet Sutton involved a plaintiff claiming that the employer regarded him as disabled with regard to the major life activity of working, id. at 490, and it is that type of claim that requires evidence about a class of positions.  Id. at 491 ("When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." (emphasis added)).  Sutton did not argue, as he could have, that the employer regarded him as disabled with regard to his sight.  Id. at 490.  Here, in contrast, Sizemore has not made a "working" claim, but has instead framed his complaint as being that Conrail regarded him as disabled with regard to the major life activity of hearing, and nobody has disputed that characterization of his claim.  As there was no authority for transposing Sizemore's claim to one involving the wholly separate major life activity of working, the basis for the District Court's decision to grant summary judgment in Conrail's favor was defective.

Nonetheless, because Sizemore has failed to produce evidence sufficient to establish his prima facie case, the order of the District Court will be AFFIRMED.

_____

TO THE CLERK OF COURT:
Please file the foregoing opinion.

/s/ Majorie O. Rendell
Circuit Judge